UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
——————————————————————X
KARL VOIGHT, RUBENS FAYETTE,
NANCY CIOLLI, and LOUIS PERROTTA, individually,
and on behalf of persons similarly situated,

                               Plaintiffs,

     -against-

SBARRO, INC., a New York Corporation,
SBARRO AMERICAN, INC., a New York
Corporation; and XYZ ENTITIES 1-5
(fictitious names of unknown liable entities),

                           Defendants.
——————————————————————X

**11 CV- 0183**
**ANSWER TO PUTATIVE CLASS**
**ACTION COMPLAINT AND AFFIRMATIVE DEFENSES**

**(LDW) (ETB)**

Defendants, Sbarro, Inc. ("Sbarro") and Sbarro America, Inc. (improperly named in the Complaint as "Sbarro American, Inc." and further improperly collectively referred to in the Complaint as "SBARRO") by and through their attorneys, Steinberg, Fineo, Berger & Fischoff, P.C., as and for their Answer, and Affirmative Defenses, in response to the Class Action Complaint, provide as follows:

<u>**AS AND FOR AN ANSWER TO THE SECTION OF THE COMPLAINT**</u>

<u>**DENOMINATED "THE PARTIES"**</u>

1.  Deny the allegations in paragraph 1 as to Sbarro America, Inc., and deny knowledge and information sufficient to form a belief as to the allegation that Karl Voight worked "from *about* October 2007 to *about* May 2009" (emphasis added) except admit that Karl Voight

1

was employed by Sbarro, Inc. as a Co Manager and that he was paid on an hourly basis.

2. Deny the allegations in paragraph 2 as to Sbarro America, Inc., and deny knowledge and information sufficient to form a belief as to the allegation that Rubens Fayette was employed "from *about* July 2007 to *about* August 2010" (emphasis added), except admit that Rubens Fayette was employed by Sbarro, Inc. as a manager and that he was paid on an hourly basis.

3. Deny the allegations in paragraph 3 as to Sbarro America, Inc., and deny knowledge and information sufficient to form a belief as to the allegation that Nancy Ciolli was employed "from *about* February 2009 to *about* September 2009" (emphasis added) except admit that Nancy Cioll (spelled as "Ciolli" in the Complaint) was employed by Sbarro, Inc. as a General Manager and that she was paid on an hourly basis.

4. Deny the allegations in paragraph 4 as to Sbarro America, Inc., and deny knowledge and information sufficient to form a belief as to the allegation that Louis Perrotta was employed "from *about* June 2007 to *about* June 2008" (emphasis added) except admit that Louis Perrotta was employed by Sbarro, Inc. as a manager and that he was paid on an hourly basis.

5. Deny so much of paragraph 5 as alleges that Sbarro America, Inc. does business in New York and that it employed Plaintiffs or

"persons similarly situated" and admit that under appropriate circumstances, a Court would have jurisdiction over Defendants, leave conclusions of law to the Court.

6. Deny knowledge and information sufficient to form a belief as to the allegations contained in paragraph 6 except to the extent that paragraph 6 asserts conclusions of law not requiring a response and as to those conclusions of law, deny allegations of fact which may be contained therein.

**AS AND FOR AN ANSWER TO THE SECTION OF THE COMPLAINT DENOMINATED "COLLECTIVE ACTION ALLEGATIONS"**

7. Deny any factual allegations that may be asserted or inferred from paragraph 7 except to the extent that paragraph 7 asserts conclusions of law not requiring a response and as to those conclusions of law, deny allegations of fact which may be contained therein, and deny that this matter is appropriately brought on behalf of either individuals or a class.

8. Deny the allegations in paragraph 8, except for conclusions of law not requiring a response and as to those conclusions of law, deny allegations of fact which may be contained therein.

9. Deny the allegations in paragraph 9 except to the extent that paragraph 9 asserts conclusions of law not requiring a response and as to those conclusions of law, deny allegations of fact which may be contained therein.

10. Deny knowledge and information sufficient to form a belief as to the allegations in paragraph 10 except admit that non exempt employees who worked a certain number of hours in a given workweek would be entitled to overtime pay and leave conclusions of law to the court.

11. Deny the allegations in paragraph 11.

12. Deny the allegations in paragraph 12.

13. Deny the allegations in paragraph 13 except to the extent that paragraph 13 asserts conclusions of law not requiring a response and as to those conclusions of law, deny allegations of fact which may be contained therein.

14. Deny the allegations in paragraph 14 to the extent that paragraph 14 asserts factual allegations and/or to the extent that paragraph 14 alleges that a class action is appropriate, leave conclusions of law to the court and deny any factual allegations contained in such conclusions of law.

15. Deny any and all factual allegations that may be asserted by paragraph 15 and decline to respond to paragraph 15 to each and every extent that it asserts statutory and/or regulatory provisions and/or conclusions of law not requiring a response and as to those conclusions deny allegations of fact which may be contained therein.

16. Deny the allegations in paragraph 16 except for conclusions of law not requiring a response and as to those conclusions, deny allegations of fact which may be contained therein.

17. Deny the allegations in paragraph 17 except admit that Sbarro, Inc. maintains such payroll records as may be required by law, and deny knowledge and information sufficient to form a belief as to the Plaintiffs' purported "beliefs, otherwise leave conclusions of law to the court.

## AS AND FOR AN ANSWER TO THE SECTION OF THE COMPLAINT DENOMINATED "FURTHER JURISDICTIONAL ALLEGATIONS"

18. Deny the allegations in paragraph 18 except that admit that in appropriate circumstances, this Court would have jurisdiction over one or both Defendants and leave conclusions of law to the Court.

19. Deny the allegations of paragraph 19 and leave conclusions of law to the Court.

## AS AND FOR AN ANSWER TO THE SECTION OF THE COMPLAINT DENOMINATED "DAMAGES, LIQUIDATED DAMAGES, AND OTHER RELIEF"

20. Deny knowledge and information sufficient to form a belief as to the allegations in paragraph 20 except deny that Plaintiffs' are entitled to recover attorneys fees and costs.

21. Deny the allegations in paragraph 21 to the extent that paragraph 21 asserts factual allegations and/or to the extent that paragraph 21 alleges that a class action is appropriate and deny Plaintiffs' entitlement to the forms of relief referenced in paragraph 21,  and leave conclusions of law to the court.

**AS AND FOR AN ANSWER TO THE SECTION OF THE COMPLAINT**

**DENOMINATED "COUNT I-RECOVERY OF OVERTIME COMPENSATION**

**(COLLECTIVE ACTION CLASS –ALL DEFENDANTS")**

22. Defendants repeat and reallege their responses to paragraphs 1-21 as if set forth more fully hereat.

23. Defendants decline to respond to paragraph 23 to each and every extent that it asserts conclusions of law not requiring a response, deny any and all factual allegations contained therein, except admit that non exempt employees are entitled to overtime compensation under appropriate circumstances.

24. Deny the allegations in paragraph 24.

25. Deny the allegations in paragraph 25 except for conclusions of law not requiring a response and deny any factual allegations contained in such conclusions of law.

26. Deny the allegations in paragraph 26 except for conclusions of law not requiring a response and deny any factual allegations contained in such conclusions of law.

27. Deny the allegations in paragraph 27 except for conclusions of law not requiring a response and deny any factual allegations contained in such conclusions of law.

**AS AND FOR AN ANSWER TO THE SECTION OF THE COMPLAINT**

**DENOMINATED "COUNT II –NEW YORK STATE LAW CLAIMS"**

28. Defendants repeat and reallege their responses to paragraphs 1-27 as if set forth more fully hereat.

29. Deny any and all factual allegations which may be contained in paragraph 29, except for conclusions of law as to which no response is required, and deny any factual allegations that may be contained therein, and respectfully refer the Court to the Complaint for a full and accurate recitation of its terms and content.

30.  Deny knowledge and information sufficient to form a belief as to whom the Plaintiffs purport to include and/or exclude from the purported class, and deny any and all factual allegations except for conclusions of law to which no response is required.

31. Deny any and all factual allegations that may be asserted by paragraph 31 and decline to respond to paragraph 31 to each and every extent that it asserts statutory and/or regulatory provisions and/or conclusions of law not requiring a response and as to those conclusions deny allegations of fact which may be contained therein.

32. Deny the allegations in paragraph 32 except for conclusions of law not requiring a response and deny any factual allegations contained in such conclusions of law.

33. Deny knowledge and information sufficient to form a belief as to the truth or falsity of the allegations in paragraph 33, except deny that the plaintiffs' purported claim is appropriately asserted as a class action.

34. Deny the allegations in paragraph 34.

35. Deny the allegations in paragraph 35.

36. Deny the allegations in paragraph 36 except for conclusions of law not requiring a response and deny any factual allegations contained in such conclusions of law.

37. Deny the allegations in paragraph 37 except for conclusions of law not requiring a response and deny any factual allegations contained in such conclusions of law, except admit that Sbarro, Inc. employed individuals from time to time in the State of New York. .

38. Deny the allegations in paragraph 38 except admit that Defendants' employees have varying duties and responsibilities and that they worked varying numbers of hours per week. Deny paragraph 38 to any extent it alleges that a class action is appropriate and leave conclusions of law to the Court.

39. Deny the allegations in paragraph 39 except for conclusions of law not requiring a response and deny any factual allegations contained in such conclusions of law.

40. Deny the allegations in paragraph 40 except for arguments and/or conclusions of law not requiring a response, and as to those arguments and/or conclusions of law,  deny any and all factual allegations asserted therein, except admit that Sbarro, Inc. maintained a time keeping and compensation system and that employees were properly paid.

41. Deny the allegations in paragraph 41 except for conclusions of law not requiring a response, deny any factual allegations contained in such conclusions of law and deny that a class action is appropriate.

42. Deny the allegations in paragraph 42.

43. Deny the allegations in paragraph 43 except for conclusions of law not requiring a response and deny any factual allegations contained in such conclusions of law.

44. Deny the allegations in paragraph 44 except for conclusions of law not requiring a response and deny any factual allegations contained in such conclusions of law.

45. Deny the allegations in paragraph 45 except for conclusions of law not requiring a response and deny any factual allegations contained in such conclusions of law.

46. Deny the allegations in paragraph 46 except for conclusions of law not requiring a response and deny any factual allegations contained in such conclusions of law.

47. Deny that a class action is appropriate and deny the Plaintiffs' entitlement to any and all of the forms of relief demanded in the Wherefore clause.

## **AFFIRMATIVE DEFENSES**

Without assuming the burden of proof as to any of the following defenses where the law does not impose such a burden on Defendants, Defendants assert the following defenses:

### AS AND FOR A FIRST AFFIRMATIVE DEFENSE

48.   The Complaint should be dismissed to any extent that the Defendants were not employers of plaintiffs and/or any putative class members.

### AS AND FOR A SECOND AFFIRMATIVE DEFENSE

49. This action fails to meet the requirements for class certification.

### AS AND FOR A THIRD AFFIRMATIVE DEFENSE

50. Relief is barred to any extent that all or part of Plaintiffs' claims and/or those of the putative class members are barred by applicable statutes of limitations.

### AS AND FOR A FOURTH AFFIRMATIVE DEFENSE

51. All or part of Plaintiffs' claims and/or those of the putative class members are barred by the doctrine of laches, equitable estoppel, unclean hands.

### AS AND FOR A FIFTH AFFIRMATIVE DEFENSE

52. Defendants acted with reasonable care to ensure their actions were in compliance with all applicable laws and regulations

### AS AND FOR A SEVENTH AFFIRMATIVE DEFENSE

53. To the extent Plaintiffs and putative class members have sustained damages as alleged in their complaint, such damages are misstated.

## AS AND FOR AN EIGHTH AFFIRMATIVE DEFENSE

54. Failure to state claims upon which relief may be granted in whole or

in part.

## AS AND FOR A NINTH AFFIRMATIVE DEFENSE

55. The Complaint is barred, in whole or in part, because Defendants in

good faith, acted in conformity with and in reliance upon written

administrative regulations, interpretations and opinion letters with

regard to some or all of the acts or omissions alleged in the

Complaint.

## AS AND FOR A TENTH AFFIRMATIVE DEFENSE

56. The Complaint is barred, in whole or in part, because Plaintiffs have

failed to satisfy statutory or other prerequisites to proceed

collectively or as a class action, under FRCP Rule 23.

## AS AND FOR A ELEVENTH AFFIRMATIVE DEFENSE

57. The Complaint is barred, in whole or in part, to the extent that

Plaintiffs are estopped by their own conduct from claiming any

damages or relief against Defendants.

## AS AND FOR A TWELVFTH  AFFIRMATIVE DEFENSE

58. Plaintiffs and./or their counsel are not adequate representatives of the

putative class members.

## AS AND FOR A THIRTEENTH AFFIRMATIVE DEFENSE

59. This case is not appropriate for class certification because the facts

and law common to the case, if any, are insignificant compared to

the individual facts and issues particular to Plaintiffs and to the purported class members.

**AS AND FOR A FOURTEENTH AFFIRMATIVE DEFENSE**

60. Plaintiffs cannot establish and maintain a class action because they cannot demonstrate that a class action is superior to other methods available for adjudicating the controversy.

**AS AND FOR A FIFTEENTH AFFIRMATIVE DEFENSE**

61. Plaintiffs cannot establish and maintain a class action because a problem of manageability would be created by reason of the complexity and/or proliferation of issues in the case.

**AS AND FOR A SIXTEENTH  AFFIRMATIVE DEFENSE**

62. Plaintiffs cannot establish and maintain a class action to any extent that this Court is not a proper venue for claims of named Plaintiffs and/or the purported unidentified additional plaintiffs.

**AS AND FOR AN SEVENTEENTH AFFIRMATIVE DEFENSE**

63. To the extent any Plaintiff or putative class member is exempt from eligibility for overtime compensation, he or she is not entitled to overtime compensation under New York State Law.

**AS AND FOR A EIGHTEENTH AFFIRMATIVE DEFENSE**

64. This action is barred to any extent that any Plaintiff or putative class member has been paid all wages due and, as such, cannot state a claim upon which relief could be granted.

**AS AND FOR A NINETEENTH AFFIRMATIVE DEFENSE**

65. Plaintiffs and putative class members' claims are barred to any extent that they were independent contractors and thereby not covered by the New York State Labor Law.

**AS AND FOR A TWENTY FIRST AFFIRMATIVE DEFENSE**

66. Plaintiffs lack standing with respect to the putative class, rendering class certification improper.

**AS AND FOR A TWENTY SECOND AFFIRMATIVE DEFENSE**

67. Failure to join necessary and/or indispensable parties, if any.

**AS AND FOR A TWENTY THIRD AFFIMATIVE DEFENSE**

68. Recovery is barred to any extent that the Plaintiffs and/or putative class members have failed to mitigate their purported damages.

**AS AND FOR A TWENTY FOURTH AFFIRMATIVE DEFENSE**

69. This action is barred and/or recovery is barred to any extent that Plaintiffs and/or putative class members failed to take advantage of existing and available remedial opportunities, and/or otherwise failed to avoid alleged harm.

**AS AND FOR A TWENTY FIFTH AFFIRMATIVE DEFENSE**

70. This action is barred and/or recovery is barred to any extent that the Plaintiffs' and/or putative class members alleged damages if any, are the result of their own culpable conduct and/or violations of company policies.

**AS AND FOR A TWENTY SIXTH AFFIRMATIVE DEFENSE**

71. Defendants have engaged attorneys to represent them in defense of Plaintiffs' frivolous, unfounded, and unreasonable action and Defendants will thus be entitled to an award of reasonable attorney fees and costs pursuant to applicable statutory provisions upon judgment in their favor.

## AS AND FOR A TWENTY SEVENTH AFFIRMATIVE DEFENSE

72. Plaintiffs' and putative class members' claims are barred in whole or in part based on the doctrine of accord and satisfaction.

**WHEREFORE**, it is respectfully requested that this Court issue an Order:

1. Dismissing the within action in its entirety with prejudice;

2. Granting such other and further relief as to this Court may appear just and appropriate.

Dated:  Melville, New York
        March 8, 2011

                                Yours etc.,

                                STEINBERG, FINEO, BERGER
                                & FISCHOFF, P.C.
                                401 Broadhollow Road
                                Melville, NY 11747
                                631-715-4168

                                By:_____
                                    Sharon Simon (SDS 5323)

14